**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BILL H., individually and on behalf
of S.H., a minor,

      Plaintiff,

v.                                                    Case No. 8:25-cv-647-TPB-LSG

ANTHEM BLUE CROSS, et al.,

      Defendants.

_____/

**<u>ORDER</u>**

The parties jointly move to stay the case management report deadline, as well as any discovery or remaining case management deadlines, pending the resolution of the defendants' motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure. Doc. 50. The defendants contend that their motion, Doc. 49, "may extinguish some or all of the claims alleged in the Amended Complaint," may restrict "the scope of discovery in this ERISA case," and "will promote judicial economy and the efficiency ERISA prioritizes without prejudicing any of the Parties." Doc. 50 at 2–4. Thus, the parties "stipulate" to a stay of discovery and all case deadlines pending the Court's ruling on the motion to dismiss. Doc. 50 at 4.

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Although disfavored, a stay is warranted to avoid undue burden or expense on the

parties. FED. R. CIV. P. 26(c); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558–59 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery until the district court rules on a pending dispositive motion"); *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). A stay may be appropriate if a party presents a facial challenge to the legal sufficiency of a complaint that involves no factual issue. *Horsely v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). Though no general rule requires staying discovery pending the resolution of a dispositive motion, "the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman*, 176 F.R.D. at 652; *see also Diaz v. Martin*, No. 20-cv-23889-BLOOM, 2021 WL 2255126, at *2 (S.D. Fla. Jun. 3, 2021) (stating that no specific requirement exists to stay discovery for resolution of dispositive motions). To weigh "the likely costs and burdens of proceeding discovery," the Court must "'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652–53.

A "preliminary peak" at the defendants' motion reveals that the motion presents a legal question requiring no discovery. *See id*. The defendants argue that all four counts of the plaintiff's amended complaint should be dismissed because they are time barred, duplicative, or fail as a matter of law. Doc. 49. The Court's ruling on the motion may dispose of all the plaintiff's claims or, at a minimum, greatly affect the scope of "extra-record" discovery needed if the claims survive. Doc. 50 at 3–4.

In considering a motion to stay, the Court must determine "(1) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; (2) whether a stay will simplify the issues and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Freedom Sci., Inc. v. Enhanced Vision Sys., Inc.*, No. 8:11–CIV–1194–T–17–AEP, 2012 WL 9064727, at *1 (M.D. Fla. Jan. 31, 2012) (quoting *Baxa Corp. v. Forhealth Techs., Inc.*, No. 6:06-cv-0353-Orl-19JGG, 2006 WL 4756455, *1 (M.D. Fla. May 5, 2006)). Here, "a stay will not unduly prejudice or disadvantage [the p]laintiff; will likely simplify the issues and streamline or obviate the need for a trial; and will reduce or eliminate the burden of litigation on the parties and on this Court." *Freedom Sci., Inc.,* 2012 WL 9064727, at *1. All parties agree to the stay. Doc. 50 at 4.

Accordingly, the parties' motion to stay the case management report deadline, Doc. 50, is **GRANTED** and the deadline to file a case management report is **STAYED**.[1] The parties will receive further instructions on filing a case management report after the resolution of the defendants' motion to dismiss.

**ORDERED** in Tampa, Florida on this 4th day of June, 2025.

LINDSAY S. GRIFFIN
United States Magistrate Judge

---

[1] Because the parties have not filed a case management report, the Court has not entered a scheduling order imposing discovery or other deadlines. Therefore, no deadline other than the June 4, 2025, requirement to file a case management requires a stay. Doc. 32.